**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JOHN M. YOUNG**                                                                                   **PLAINTIFF**

**v.**                                                                                              **CAUSE NO.: 1:06CV55**

**DRAPER WILLIAMS, individually, and
THE OKTIBBEHA COUNTY
SHERIFF'S DEPARTMENT**                                                       **DEFENDANTS**

## MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT

Presently before the Court is the Defendants' Motion for Summary Judgment. Upon due consideration, the Court finds that the motion is well taken and should be granted.

*A. Factual and Procedural Background*

On March 9, 2006, the Plaintiff filed his complaint against Sheriff's Deputy Draper Williams and the Oktibbeha County Sheriff's Department. He has alleged violations of the Fourth and Eighth Amendments of the United States Constitution and brings these causes of action under 42 U.S.C. § 1983.

Factually, Young alleges that on March 17, 2005, he was stopped and arrested by Deputy Draper Williams for a DUI violation. During the arrest, Young asserts that Williams "maliciously and willfully" jerked Young's right arm behind his back so that Young's right rotator cuff in his shoulder was completely torn. He further alleges that he had to undergo surgery to repair the damage inflicted on him by Deputy Williams. Young additionally contends that Deputy Williams and the Oktibbeha County jail denied him medical treatment for that shoulder injury while he was in their care, resulting in temporary and permanent injuries to his body.

The Defendants filed a Motion for Summary Judgment contending that Young could not

produce disputed facts that he was deprived of any constitutional rights. Furthermore, the Defendants assert that Draper Williams is entitled to qualified immunity and not amenable to suit.

*B. Summary Judgment Standard*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the nonmoving party's case"). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. 2548 (citing FED. R. CIV. P. 56(c), (e)). That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the nonmovant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

The Plaintiff alleges that the Defendants violated the prohibition against excessive force in the Fourth Amendment and deprived him medical treatment mandated by the Eighth Amendment.

I. Excessive Force Claim Against Deputy Draper Williams

To state a claim for excessive force, a plaintiff bears the burden to show he 1) suffered some injury which 2) resulted from force that was clearly excessive to the need for force, and 3) the excessiveness was objectively unreasonable. Heitschmidt v. City of Houston, 161 F. 3d 834, 839 (5th Cir. 1998). A plaintiff alleging an excessive force claim must show that he has suffered "at least some injury." Id. The injuries must result directly and only from the defendant's use of force. Knight v. Caldwell, 970 F.2d 1430, 1432-33 (5th Cir. 1992)).

In his complaint, Young alleges that Deputy Williams used excessive force in arresting him by "violently jerk[ing] his arm behind his back to place handcuffs on him." He contends that this force caused his rotator cuff to tear completely. In support of this position, Plaintiff avers that upon release from jail on the morning of March 17, 2005, he immediately went to the emergency room at the Oktibbeha County Hospital seeking treatment for his injured shoulder. In an attempt to prove such injury, the Plaintiff submitted two unauthenticated medical records.

In the first, dated March 24, 2005, one week after his arrest, Dr. Todd W. Smith notes that John Young was symptomatic of a "full thickness rotator cuff tear." However, these records do not attribute the injury to any particular action, nor do they account for the one week period between arrest and doctor's visit. The second medical record produced, dated May 24, 2005, notes that Plaintiff "has had right shoulder pain for years." Taken together, these medical records do not establish that the Plaintiff suffered a shoulder injury as a result of any unreasonable force used in handcuffing him.

Moreover, the Defendant asserts that unauthenticated medical records are incompetent summary judgment evidence and, therefore, should not be considered in determining the extent of

3

the Plaintiff's injury, if any. Rule 56(e) notes that supporting and opposing documents submitted with motions for summary judgment "shall set forth facts as would be admissible in evidence." See also Tarver v. City of Edna, 410 F.3d 745, 752 (5th Cir. 2005) (admissible medical evidence establishing some injury is required to satisfy the injury requirement of an excessive force claim); Clark v. America's Favorite Chicken Co., 110 F.3d 295, 297 (5th Cir. 1997) (competent summary judgment evidence must be put forth to establish the existence of a material fact). Although medical records are an exception to hearsay under the Federal Rules of Civil Procedure, Federal Rule of Evidence 901 requires those records to be authenticated prior to admission into evidence. See Stahl v. Novartis Pharms. Corp., 283 F.3d 254, 271 (5th Cir. 2002) (rejecting unauthenticated medical records as sufficient to establish a genuine issue of material fact on summary judgment).

The Plaintiff has not offered any authenticating evidence that the medical records produced are what he asserts they are. Without more, the Court is unable to consider those records as dispositive of his condition. Therefore, because the Plaintiff failed to establish the existence of the injury, which is an essential element to his case of which he will bear the burden of proof at trial, summary judgment is appropriately awarded to the Defendants for this claim.

However, even if the Court was able to consider the unauthenticated medical records, the documents submitted are not enough to raise a genuine issue as to the Plaintiff's injury, and more pertinently, the cause thereof. Accordingly, without the imposition of the Federal Rules of Evidence on our analysis, the Defendant's summary judgment is still warranted.

II. Denial of Medical Treatment

   *a. Deputy Draper Williams*

It is axiomatic that convicted prisoners have a right to have their "serious medical needs

met." Thompson v. Upshur County, Tex., 245 F.3d 447, 457 (5th Cir. 2001). The standard to which official's actions are judged with regard to providing appropriate medical care for incarcerated persons is "deliberate indifference." Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996). A plaintiff who alleges a claim for failure to provide reasonable medical care must demonstrate

> 1) that the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur.

Thompson, 245 F.3d at 458-59. Conduct that rises to the level of deliberate indifference is more than a mere negligent or even a grossly negligent response toward a substantial risk of harm. Id. at 459; Williams v. Treen, 671 F.2d 892, 901 (5th Cir. 1982).

To prove deliberate indifference, a pretrial detainee must show that the state official knew of and disregarded an excessive risk to the inmate's health or safety. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999). An act is committed with deliberate indifference if both an objective component and a subjective component are present. Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Under the objective component, the deprivation must be so serious as to deprive prisoners of the minimal civilized measures of life's necessities, such as the deprivation of a basic human need. Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). The subjective prong is met if the official is both aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and also actually draws that inference. Farmer, 511 U.S. at 837, 114 S. Ct. 1970.

As stated, in his Complaint, the Plaintiff alleges that Deputy Draper Williams acted with deliberate indifference in failing to provide him with necessary and appropriate medical care

5

immediately after his arrest. The Plaintiff complains that he informed Deputy Williams of his alleged shoulder injury soon after being handcuffed. Moreover, Young asserts that he requested immediate medical care due to the pain the injury caused. Young further claims that Draper Williams just laughed when he requested medical treatment.

Defendant Williams offered the affidavit of Immanuel Powers, a former Oktibbeha County Sheriff's Deputy who was present at the arrest of John Young on March 17, 2005. Officer Powers alleges that he "never saw Deputy Williams do anything out of the ordinary in handcuffing Mr. Young. He did not jerk or snatch his arm in any way." Moreover, he asserts, "I witnessed no harm being done to Mr. Young by Deputy Williams. Mr. Young *never expressed in any way that he was in pain or that his shoulder or arm had been injured*." (emphasis added).

Blanket accusations based on denial of medical treatment without elaboration cannot withstand the scrutiny required by a motion for summary judgment. Vague assertions of constitutional violations are insufficient to state a Section 1983 claim. Sanchez v. Swyden, 139 F.3d 464, 466 (5th Cir. 1998). "[A] constitutional violation does not occur every time someone feels that they have been wronged or treated unfairly." Id. at 467 (quoting Shinn v. College Station Indep. Sch. Dist., 96 F.3d 783, 786 (5th Cir. 1996)). Succinctly stated, the Plaintiff has not done enough.

As stated above, once the summary judgment movant shows an absence of evidence to support the non-movant's case, the burden shifts to the non-movant. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). In the Court's estimation, without more, the "evidence" put forth by the Plaintiff does not create any genuine issues of material fact. Nor do Young's averments alone prove that the Defendant intended to cause harm or was deliberately indifferent toward the Plaintiff.

6

Accordingly, the Court finds that the Plaintiff has not put forth any genuine factual issue regarding Deputy Williams' liability for deprivation of medical treatment, and the Defendant's motion for summary judgment as to this cause of action is granted.

*b. Oktibbeha County Sheriff's Department*

Municipal liability results if the deprivation of constitutionally protected rights was inflicted pursuant to an official policy or custom. McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 313 (5th Cir. 2002). Municipal liability under Section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001); Monell v. Dep't of Soc. Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

The three requirements for municipal liability detailed above are necessary in order to distinguish between isolated violations committed by local employees and those violations which may be committed by the government itself. Piotrowski, 237 F.3d at 578. Therefore, municipalities may not be held liable for acts of lower level employees but may be held liable for constitutional violations committed pursuant to an official policy or custom. Id. at 578. In addition, not only must the plaintiff establish that a policy or custom of the municipality was the "moving force" behind the alleged violation of a constitutional right, he must also establish that the municipality was "deliberately indifferent" to the known consequences of the policy. Id. at 580.

The Fifth Circuit has noted that the plaintiff bears an "extremely heavy burden" in establishing both the municipality's deliberate indifference and a causal link between the alleged custom and the alleged constitutional violation. Peters v. City of Biloxi, 57 F.Supp.2d 366, 376 (S.D. Miss. 1999); see Snyder v. Trepagnier, 142 F.3d 791, 798 (5th Cir. 1998); Piotrowski, 237 F.3d at

580 (stating that these two requirements "must not be diluted.").

In the present case, the Plaintiff asserts that the Oktibbeha County Sheriff's Department deprived him of his constitutional right to medical treatment during detention. Young's only evidence against the Oktibbeha County Sheriff's Department is a "Statement of Events" written by Derek McGuire[1] which asserts that after booking at the Oktibbeha County jail, Young "stated that his rotator cuff was hurting. He may have made the statement that he needed to go to the hospital, but did not fill out a sick slip." The Supreme Court has noted that "an inadvertent failure to provide adequate medical treatment" does not rise to the level of an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 105, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Therefore, this Statement of Events can hardly be said to evidence a deliberate indifference on the part of the Oktibbeha County Sheriff's Department to Plaintiff's medical needs.

Young points to the deposition of Dolph Bryan, Sheriff of Oktibbeha County, as evidence that the Sheriff's Department has a policy of refusing medical treatment to pretrial detainees. In his testimony, Sheriff Bryan explains that the Deputy Sheriffs must engage in a subjective determination of whether an inmate requires medical attention. He noted that detainees must fill out a medical request form to go to the doctor, and the officers evaluate whether medical treatment is necessary. He states, "we are not doctors but we have to use common sense." Moreover, "[t]here has got to be some kind of reason to take a man to the doctor."

While it is undisputed that Sheriff Bryan is the official policymaker of the Oktibbeha County

---

[1]The Court is unaware of who Derek McGuire is and how he is connected to the Oktibbeha County Sheriff Department. However, as the "Statement of Events" was apparently requested by Draper Williams and not objected to by the Defendants, it is appropriate summary judgment evidence.

Sheriff's Department, the Plaintiff has failed to prove that he was deprived of any medical treatment and that the policy was the moving force behind his deprivation of medical treatment. Young neither offered evidence of filling out a medical request form nor can he show that his supposed injury required immediate medical attention.

This Court concludes that the evidence submitted by Young is insufficient to create an issue of material fact as to whether the policy advocated by Sheriff Bryan deliberately deprived him of any medical treatment constitutionally warranted.

### D. Conclusion

Rule 56(c) mandates the entry of summary judgment against a party who fails to create a genuine issue of material fact as to an element upon which that party will bear the burden of proof at trial. The Plaintiff has failed to demonstrate an issue of fact exists as to whether he suffered any injury during the arrest, or whether he was deprived of medical treatment by the Defendants. Due to that failure, the Court finds it unnecessary to determine whether Deputy Draper Williams in entitled to qualified immunity.

Accordingly, the Plaintiff has not met his burden to establish the causes of action at issue in this suit. Therefore, the Defendants' Motion for Summary Judgment is granted and the case is hereby dismissed.

A separate order in accordance with this opinion shall issue this day.

This the __4th__ day of March 2008.

                                             __/s/ Sharion Aycock__
                                             **U.S. DISTRICT JUDGE**